IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv547 (3:05cr388)

| | |
|---|---|
| HAROLD EDWARD MCDANIEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1); the Government's Answer and Motion for Summary Judgment (Docs. No. 10-11); Petitioner's Response to the Government's Motion for Summary Judgment (Doc. No. 14); and Petitioner's Emergency Motion to Allow Petitioner to Delay Registering as a Sex Offender (Doc. No. 16). For the reasons stated below, the Court will deny Petitioner's Emergency Motion and his Motion to Vacate and grant the Government's Motion for Summary Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The petitioner, Harold Edward McDaniel, was arrested at the Lubbock, Texas airport on August 26, 2004 (N.D.Tex. 5:04-MJ-078, Clerk's Entry of 10/28/05). The next day, he was charged with interstate transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1). (Id.). After waiving his right to a preliminary examination on September 13, 2004, Petitioner consented to transfer his case to the Western District of North Carolina, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, on July 6, 2005. (Case No. 3:05cr388, Doc. No. 1: Consent to

Transfer Jurisdiction). In this district, Petitioner waived indictment (February 22, 2006), entered into a plea agreement (filed on March 8, 2006), and in a Rule 11 Proceeding before the Magistrate Judge on March 22, 2006, pleaded guilty to a single-count Bill of Information for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (Id., Docs. No. 2, 4, and 6, respectively). On November 27, 2007, this Court conducted Petitioner's sentence hearing and sentenced him to a 41-month term of imprisonment. (Id., Doc. No.13: Sentencing Hearing). The Court issued a written judgment on December 7, 2007. (Id., Doc. No. 11: Judgment).

After indicating to his prior counsel that he did not wish to appeal (Doc. No. 1, Ex. 15: Signed Statement Re: Appeal at 1), Petitioner hired his current counsel and timely filed the instant § 2255 Motion to Vacate, Set Aside, or Correct Sentence on November 26, 2008. (Doc. No. 1). In his Motion and its supporting Addendum, Petitioner alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment. Specifically, Petitioner claims that his counsel failed to advise him of his rights to move to suppress, under the Fourth and Fifth Amendments, both the physical evidence against him and his incriminating statements, and as a result, his guilty plea was not voluntary because it was not a knowing and intelligent waiver of his constitutional rights. (Doc. No. 1: Motion to Vacate).

**ANALYSIS**

I.   INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings," in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, a

reviewing court must dismiss the motion. Id. A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that a petitioner is not entitled to relief on any of his § 2255 claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Moreover, summary judgment for the Government is appropriate when the pleadings and additional materials, viewed in the light most favorable to the petitioner, present no genuine issues of material fact that could lead a rational trier of fact to find that the petitioner is entitled to relief. See United States v. St. Germain, 76 F.3d 376, 1996 WL 43578, at *1 (4th Cir. Feb. 5, 1996) (unpublished) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) in applying standard for summary judgment to a § 2255 proceeding).

Following a review of the entire record in the light most favorable to Petitioner, the Court finds, as hereafter explained, that Petitioner is not entitled to any relief on his claims and the Government is entitled to summary judgment.

II.   INEFFECTIVE ASSISTANCE OF COUNSEL

A.   **Standard (Strickland Test)**

Ineffective assistance of counsel claims are governed by the two-part standard articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must establish that counsel's representation "fell below an objective standard of reasonableness," which is judged by prevailing professional norms (i.e., the "performance prong"). Id. at 687-88. In making this determination, a court must operate under a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance; this highly deferential standard requires courts to evaluate the reasonableness of counsel's performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 689.

Second, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," (i.e., the "prejudice prong"). Id. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Id. at 669. A court deciding an ineffective assistance claim need not approach the inquiry in any particular order, or even address both components of the inquiry if the petitioner makes an insufficient showing on one component. Id. at 697.

This doctrine applies to collateral review of ineffective assistance claims asserted in connection with guilty pleas. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). In this context, the prejudice prong of the Strickland test is slightly modified: a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. 52, 59 (1985); see also, Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1995); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988 ). Where an ineffective assistance of counsel claim is primarily based on counsel's failure to competently litigate a suppression motion, a petitioner must also prove that his claim is meritorious. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). However, while a meritorious Fourth or Fifth Amendment ground is necessary for Petitioner to succeed on an ineffective assistance of counsel claim, it is not sufficient to earn federal habeas relief because the Petitioner must also meet the demanding Strickland standard in order to be entitled to retrial without the challenged evidence. See Kimmelman, 477 U.S. at 382; Strickland, 466 U.S. at 687.

**B.      The Prejudice Prong of the Strickland Test.[1]**

---

[1] As the Supreme Court noted in Strickland, it is often easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, in which case, that prong should be addressed first. 466 U.S. at 697.

1. <u>Petitioner fails the prejudice prong of the Strickland test because did not assert that he would have insisted on going to trial but for the allegedly ineffective assistance of his former counsel.</u>

Here, Petitioner claims that his former counsel was ineffective because they failed to advise him of his ability to file a motion to suppress evidence allegedly obtained in violation of the Fourth and Fifth Amendments. (Doc. No. 1: Motion at 16-18).[2] Petitioner argues that he was prejudiced by this alleged ineffectiveness because he "would not have pled guilty without requiring counsel to move to suppress the evidence against me and, had I lost the suppression motion, I would have only pled guilty conditionally..." (<u>Id.</u>, at 17). In contrast, the prejudice prong requires a petitioner to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59. Petitioner's claims are facially insufficient to meet the requirements of the prejudice prong, and thus fail to establish ineffective assistance of counsel, because Petitioner never asserts that he would have insisted on going to trial in the absence of his counsel's advice but merely claims that he would have attempted to enter a conditional guilty plea. <u>See</u> <u>id.</u>

---

[2] Specifically, Petitioner claims that his first attorney, Daniel Hurley of the Texas Bar, provided ineffective assistance because he did not adequately investigate, discuss, or pursue Petitioner's rights under the Fourth Amendment to 1) be free from unreasonable searches and seizures; 2) challenge the allegedly warrantless search and seizure of the Petitioner's manila envelope containing child pornography, located in the backside pocket compartment of his briefcase and the subsequent alleged seizure of Petitioner's person; 3) move to suppress any statements he made or the consent he gave to search his home that resulted from the alleged violation of the Fourth Amendment. Petitioner's claim is also based on his assertion that Hurley did not discuss with Petitioner his right to suppress incriminating evidence allegedly obtained in violation of his Fifth Amendment rights against self-incrimination. Likewise, Petitioner claims that his second attorney, Eban Rawls of the North Carolina Bar, also provided ineffective assistance because he too did not advise Petitioner of his rights to contest the alleged search and seizure, the fruits of the alleged search and seizure, and the Petitioner's incriminating statements.

Additionally, the Court notes that under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, a conditional plea may only be entered with the consent of the court and the government; here, there is nothing in the record to indicate that the government would have made such a concession. Indeed, the record shows that this was unlikely because the transfer to North Carolina was predicated on the understanding that Petitioner would make an unequivocal guilty plea. (See Doc. No. 10-2: Rawls Affidavit at 3-4). Petitioner thus would have had to stand trial for transporting child pornography in order to preserve an adverse suppression decision, and in doing so, he would have been subjected to a five-year mandatory minimum sentence under § 2252A(a)(1) and the possibility of twenty years' imprisonment in a district where upward departures for child pornographers were common. (See 18 U.S.C.2252(a)(1)-(b)(1); Doc. No. 10-2: Rawls Affidavit at 2; Doc. No 10–1: Hurley Affidavit at 2).

> 2. Petitioner fails the prejudice prong of the Strickland test on additional grounds because he did not overcome the presumption that his prior sworn statements were truthful or prove that his Fourth and Fifth Amendment claims were meritorious.

Even if the Court looks beyond whether Petitioner would have insisted on going to trial, the Petitioner still did not establish prejudice because he did not overcome the presumption that his plea was voluntary. The Court notes that Petitioner's assertion that he would have entered a conditional guilty plea, had he understood his Fourth and Fifth Amendment rights, is inconsistent with his prior sworn statements. As such, "although it carries some probative value, such a statement suffers from obvious credibility problems and must be evaluated in light of the circumstances the defendant would have faced at the time of his decision." Hooper, 845 F.2d at 476. At his Rule 11 plea hearing, Petitioner's testimony included: 1) that he understood that by entering his guilty plea, he was waiving many rights, including his right to trial and the right to file a suppression motion

challenging the evidence obtained from the Lubbock airport; that his plea was voluntary; and that he was satisfied with the services of his attorney. (Case No. 3:05cr388, Doc. No. 14: Transcript of Arraignment & Plea and Rule 11 Proceedings at 9, 15-16). Moreover, at his Sentencing Hearing, the Petitioner did not raise any concerns about these waivers. (Id., Doc. No. 13: Sentencing Hearing at 2-3). This Court, in accordance with the law, is entitled to rely heavily on these representations, and Petitioner's claims are insufficient to overcome the presumption that his plea was voluntarily. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (stating that "[s]olemn declarations in open court carry a strong presumption of verity,"); see also United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (holding that statements made by a defendant during a Rule 11 proceeding constitute "strong evidence of the voluntariness of his plea").

Moreover, Petitioner further fails the prejudice prong of the Strickland test because he did not prove that his Fourth and Fifth Amendment claims are meritorious. See Kimmelman, 477 U.S. at 375.[3] Allegations of ineffective assistance must point to specific conduct or errors, while "vague, conclusory, or palpably incredible" allegations unsupported by pleaded facts are insufficient to prevent summary judgment or warrant an evidentiary hearing. Machibroda v. United States, 368 U.S. 487, 495 (1962); see also United States v. Roane, 378 F.3d 382, 400-01 (4th Cir. 2004) (holding that "airy generalities" and "conclusory assertions" will not prevent summary judgment) (internal quotations omitted). Here, in the Fourth Amendment context, Petitioner makes general assertions about whether the TSA screeners should have looked through the manila envelope in his

---

[3] Kimmelman establishes that where an ineffective assistance of counsel claim is based on counsel's failure to competently litigate a suppression motion, the Petitioner must prove that his claim is meritorious *and* "that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." 477 U.S. at 375. The fact that the present case does not involve conviction after a full trial, as in Kimmelman, does not relieve the Petitioner of the need to prove that his claim is meritorious.

7

briefcase, but he does not contest the constitutional validity of administrative searches of carry-on luggage for screening at airports generally, does not assert that the selection of *his* carry-on luggage for screening was anything but random, and never alleges his briefcase could not have triggered an alarm (even assuming it is true that his person did not). (See Case No. 3:05cr388, Doc. No. 18: Memorandum in Support of Motion to Vacate). In the Fifth Amendment context, Petitioner makes similarly vague claims about when he was advised of his *Miranda* rights but never even alleges that he was questioned during a custodial arrest. (Id. at 15-16). Hence, the Petitioner's allegations are insufficient to show that a suppression motion would have been granted in the Northern District of Texas, had he made one, or that the suppression of anything but the physical evidence obtained at the TSA checkpoint would have had an effect on the Petitioner's child pornography charge.

  **C.  Performance Prong of the <u>Strickland</u> Test.**

    1.  <u>Petitioner fails the performance prong because he did not establish that his counsel's performance was constitutionally defective.</u>

Even if the prejudice prong of the <u>Strickland</u> test could be met, Petitioner did not establish that his counsel's performance fell below an objective standard of reasonableness and was thus was constitutionally defective. <u>See</u> <u>Strickland</u>, 466 U.S. at 687-88. As previously noted, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance that is only overcome by a showing that it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id.</u> at 687; <u>see also</u>, <u>Fields</u>, 956 F.2d at 1297-99.

Petitioner claims that Hurley and Rawls provided ineffective assistance because they each failed to file a suppression motion or discuss this option with him.[4] Assuming this claim is true, the failure to file a suppression motion or discuss this with the Petitioner would still be within the wide range of reasonable professional assistance afforded to counsel. See Strickland, 466 U.S. at 687-89 (stating the "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy). Here, the decision not to file a suppression motion was part of a strategy to transfer the case out of the Northern District of Texas and obtain a reduction in Petitioner's charges—both of which were accomplished by counsel. (Doc. No. 10-2: Rawls Affidavit at 3-5; Doc. No 10-1: Hurley Affidavit at 2). Evaluating this decision from counsel's perspective at the time, this Court finds that Petitioner did not overcome the presumption that this was a sound defense strategy. It simply cannot be said that Hurley or Rawls "undermined the proper functioning of the adversarial process" so that they were "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," such that the proceedings "cannot be relied on as having produced a just result." See id. at 687.

---

[4] To the extent that Petitioner's ineffective assistance of counsel claim is also based on the failure of Hurley and Rawls to investigate Petitioner's Fourth and Fifth Amendment rights (as opposed to informing or advising him in this regard), it is conclusory and insufficiently plead because Petitioner never asserts that either attorney actually failed to investigate. Rather, he merely alleges 1) that if Hurley "did anything at all to investigate the facts and discover legal defenses … beyond briefly talking to me on the phone, he never bothered to tell me," (Doc. No. 1: Motion to Vacate at 17), and 2) that Rawls "never to my knowledge researched the law." (Id.). Neither of these statements contain factual assertions that the investigations did not take place but simply speak to Petitioner's knowledge about the extent of the investigations. Thus, they cannot prevent summary judgment. See Machibroda, 368 U.S. at 495; Roane, 378 F.3d at 400-01.

III.  CONCLUSION

In sum, this Court has reviewed the entire record in the light most favorable to Petitioner and finds no genuine issue of material fact that could permit the Court to determine that Petitioner is entitled to relief on any of his claims of ineffective assistance of counsel.  Thus, the Government is entitled to summary judgment on these claims, and an evidentiary hearing is not required.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**;

2. Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED** and **DISMISSED**;

3. Petitioner's Emergency Motion to Delay Registration As a Sex Offender (Doc. No. 16) is **DENIED** as moot.

Signed: August 23, 2010

Robert J. Conrad, Jr.
Chief United States District Judge